

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-13-00387-CR
07-13-00388-CR

HAROLD ROSALES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 211th District Court
Denton County, Texas
Trial Court Nos. F-2011-2605-C, F-2011-2606-C;
Honorable Sherry L. Shipman, Presiding

July 28, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK, JJ. and BOYD, S.J.[1]

Following a plea of not guilty in each cause number, appellant Harold Rosales was convicted by a jury of two counts of continuous sexual abuse of a child and one count of indecency with a child. Punishment was assessed at thirty years of imprisonment for the first continuous sexual abuse conviction, twenty-five years for the second, and twenty years for the indecency conviction. The trial court ordered the

---

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

twenty-year sentence and the twenty-five year sentence to be served concurrently. It ordered the thirty-year sentence cumulated with the other two sentences. In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw in each cause. We will grant counsel's motions to withdraw and affirm the judgments of the trial court.

## Background

Appellant was charged via two indictments with one count of continuous sexual abuse of a child and one count of indecency with a child in each. Prior to trial, the State dismissed the indecency count in one of the causes and proceeded on the remaining counts. Appellant plead not guilty and the cases were tried to a jury.

The two female child victims were sisters. Appellant was their mother's boyfriend. At the time of trial, the older sister was fourteen years old and the younger, thirteen. The victims testified to several instances of sexual contact by appellant over a period exceeding thirty days. The older victim testified the abuse began five years prior to trial, when she was nine years old. The younger victim testified the first instance of abuse occurred when she was in the fifth grade. Some of the contacts included touching of their breasts and genitals and some included digital penetration.

The girls' mother testified to an instance in which she observed appellant in her daughters' room at bedtime. When she opened the door to the bedroom, appellant "jerked" his hand out from under the covers. She soon questioned her daughters. She

---

[2] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *see In re Schulman*, 252 S.W.3d 403, 404 (Tex.Crim.App. 2008) (orig. proceeding) ("[T]he sole purpose of an *Anders* brief is to explain and support the motion to withdraw").

described for the jury the statements her daughters made to her confirming appellant's ongoing sexual abuse of them. She testified appellant did not deny the allegations when she confronted him.

The State also presented other witnesses, including a police officer who responded to the mother's phone call and a nurse who examined the children. Appellant testified, denying all of the allegations.

Following presentation of the evidence, the jury found appellant guilty as charged and assessed punishment as noted. This appeal followed.

Analysis

Appellant's counsel on appeal expresses his opinion in the *Anders* brief that nothing in the record establishes reversible error and the appeals are frivolous. The brief discusses the case background, the trial, as well as the evidence presented and objections raised at trial. Counsel discusses several grounds of potential error in some detail but concludes no arguably meritorious issue may be raised on any point. Correspondence from counsel to appellant indicates counsel supplied appellant a copy of the *Anders* brief and counsel's motion to withdraw in each cause. The correspondence also points out the right of appellant to review the record and file a *pro se* response with this Court. By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant filed a response raising several issues.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State,* 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.). If this court determines the appeal arguably has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

In his response, appellant raises an issue concerning his counsel's assistance at trial. He specifically notes his counsel failed to object to what appellant characterizes as the bolstering of the State's witnesses. However, the alleged "bolstering" took place during the State's argument, not through the testimony of any witness.[3] Trial counsel was not arguably ineffective because he did not raise a bolstering objection to the prosecutor's argument.

Appellant also argues his counsel was ineffective because he failed to challenge a particular juror for exhibiting bias. But the potential bias the juror acknowledged in his vacillating voir dire responses was against defendants who do not testify. Here, appellant took the stand during the guilt-innocence phase so even the potential bias would have had no application to him. Counsel was not arguably ineffective because he did not raise a challenge to that particular juror.

Appellant further points to some factual errors in appellate counsel's *Anders* brief. He asserts the errors are so serious as to indicate appellate counsel confused his

---

[3] Appellant cites *Miller v. State*, 757 S.W.2d 880 (Tex. App.—Dallas 1988, pet. ref'd), in which the court held that trial counsel was ineffective for failure to object to the opinion testimony of a counselor that impermissibly bolstered the credibility of the child victim, and the counselor's own credibility. *Id.* at 883-84.

4

case with that of another client. We disagree. The brief does contain errors in its discussion of the record, but the errors are few in context of the entire brief and the brief's description of events at trial, references to the record, and legal analysis satisfy us that counsel has thoroughly and conscientiously reviewed the record. *See In re Schulman*, 252 S.W.3d at 406 (discussing purposes of *Anders* brief).

We also have reviewed the entire record to determine whether there are any arguable grounds which might support an appeal in either cause number. *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Bledsoe v. State,* 178 S.W.3d 824 (Tex. Crim. App. 2005). We have found no such arguable grounds supporting a claim of reversible error, and agree with counsel that the appeals are frivolous.

Conclusion

The motion of counsel to withdraw is granted in each cause and the judgments of the trial court are affirmed.[4] TEX. R. APP. P. 43.2(b).

James T. Campbell
Justice

Do not publish.

---

[4] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. TEX. R. APP. P. 48.4.